UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PETER BANFIELD, SHEILA BANFIELD, and SQUARE ONE DEVELOPMENT GROUP, INC. )))))  Petitioners, )) v. ) LEGACY VACATION CLUB, LLC, ))))  Respondent. ) | Case No.  4:20-CV-00515-NCC |

## MEMORANDUM AND ORDER

This matter is before the Court on Respondent Legacy Vacation Club, LLC's Motion to Dismiss (Doc. 8). Petitioners Peter Banfield, Sheila Banfield, and Square One Development Group, Inc. responded in opposition to the motion and, in the alternative, request this action be transferred to the United States District Court for the District of Nevada (Doc. 11). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 12). For the reasons stated herein, the Respondent's Motion to Dismiss is **GRANTED,** Petitioners' request to transfer is **DENIED**, and this action is **DISMISSED, without prejudice**.

### I. Legal Standard for Review

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a party may move to dismiss claims for lack of personal jurisdiction. To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party is required to make a prima facie showing of jurisdiction based on the pleadings, affidavits, and exhibits. *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008); *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th

Cir. 2004).  It is the plaintiff or, in this case, the petitioner who bears the ultimate burden of establishing the existence of personal jurisdiction by a preponderance of the evidence.  *Creative Calling Solutions, Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015).  At the motion stage, an action should not be dismissed for lack of jurisdiction if the evidence, viewed in a light most favorable to the petitioner, is sufficient to support a conclusion that the exercise of personal jurisdiction over the defendant, or respondent, is proper.  *Id.*

## II. Background

Petitioners Peter and Sheila Banfield (the "Banfields") and Square One Development Group, Inc. ("Square One") (collectively "Petitioners") filed this action for declaratory judgment under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 against Respondent Legacy Vacation Club, LLC ("Legacy") on April 15, 2020 (Doc. 1 at 1).  Petitioners assert that Legacy has failed to recognize the limited power of attorney provided by the Banfields to Square One in handling a timeshare obligation between the Banfields and Legacy (*See id.* at 2-4).  Petitioners contend that Legacy's refusal has rendered them unable to fulfill their mutual contract, unable to recover money paid to Legacy, obligated to pay continuing maintenance fees, and unable to realize the economic value of the timeshare property (*Id.* at 2).  Relevant to the current motion, the Banfields are individuals who are domiciled in Washoe County, Nevada (*Id.* at 1).  Square One is a corporation that is domiciled, and has a principle place of business Des Peres, Missouri (*Id.*).  Legacy is a limited liability corporation organized and domiciled in Florida (*Id.*).  Petitioners filed this action against Legacy on the basis of diversity jurisdiction (*Id.* at 2-3).

The facts, in the light most favorable to Petitioners, are as follows.  In May of 2019, the Banfields entered into an agreement with Square One to assist with their Brigatine, New Jersey timeshare obligation with Legacy (*Id.* at 2).  On June 19, 2019, Square One sent to Legacy a

2

Limited Notarized Power of Attorney signed by the Banfields giving Square One the authority to handle matters related to the timeshare (*Id.*; Doc. 1-1 at 2).  On July 8, 2019, Square One contacted Legacy by telephone requesting information about Legacy's deed back program (Doc. 8 at 3).  Legacy communicated to Square One that they would not recognize the Limited Power of Attorney between Square One and the Banfields, as it was their policy to only communicate with the timeshare owners regarding its deed back program (Doc. 1 at 2; Doc. 8 at 3).  On September 5, 2019, Legacy received a letter from the Banfields requesting a deed back, and on September 10, 2019, Legacy spoke with the Banfields, who decided not to proceed with the deed back at that time (Doc. 8 at 3).  On September 11, 2019, Square One sent an email regarding a deed back request, and Legacy communicated back the same day reaffirming that the timeshare owners must contact them directly (*Id.* at 3, 10).

On September 24, 2019, Square One again requested a deed back from Legacy, and Legacy communicated that it is their policy, as it relates to deed back requests, to only communicate with the owners of the timeshare directly (*Id.* at 3).  Square One requested that Legacy put their refusal in writing, but they refused (*Id.*).  On September 25, 2019, Legacy again spoke with the Banfields regarding the deed back, and the Banfields again decided to not proceed (*Id.* at 3).  On September 25, 2019, following contact with the Banfields, Square One again contacted Legacy and spoke with the Senior Manager of Collections who again explained Legacy's policy (*Id.* at 4).  On September 27, 2019, Square One informed Legacy that the Banfields were surrendering their interest in the timeshare owned by Legacy (Doc. 1 at 2; Doc. 1-2; Doc. 8 at 4, 12-14).  On October 3, 2019, Legacy informed Square One via email that the Banfields cannot elect to abandon their obligations to Legacy, and that Legacy was under no obligation to allow the Banfields to surrender their interest (Doc. 8 at 4, 12-14).  On January 20,

3

2020, the Banfields contacted Legacy's Senior Manager of Collections to pay the 2020 HOA fees (*Id.* at 2).  On March 23, 2020, Legacy received another copy of the July 26, 2019 letter from the Banfields requesting a deed back (*Id.* at 4).  Legacy attempted to contact the Banfields by phone after receiving the letter, but received no answer (*Id.* at 4).

### III. Analysis

To exercise personal jurisdiction over a non-resident defendant, or in this case, respondent, the court in a diversity action must determine (1) whether the respondent is subject to the forum state's long-arm statute and (2) whether the exercise of personal jurisdiction is in accordance with the Due Process Clause.  *See Dever*, 380 F.3d at 1073.  "Personal jurisdiction can be specific or general." *Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011).  "Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Viasystems*, 646 F.3d at 593.  As a preliminary matter, Petitioners do not specifically argue in their brief that personal jurisdiction exists over Legacy under Missouri's Long-Arm Statute.  Petitioners cite 28 U.S.C. § 1391 which states in part, "A civil action may be brought . . . (2) [in] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ." (Doc. 1 at 3).  The only facts that Petitioners provide in support of establishing personal jurisdiction over Legacy relate to a series of emails, letters, and phone calls between Square One and Legacy as discussed above (Doc. 11 at 1).  Petitioner asserts that injuries occurred in their Saint Louis, Missouri office as a result of these communications when Legacy would not acknowledge the limited power of attorney provided to Square One by the Banfields (*Id.*).  Regardless, the Court will address both prongs of the analysis.

4

**A. Missouri's Long-Arm Statute**

While Missouri's "long-arm statute extends to the limits of the Due Process Clause, it does so only for acts within its enumerated categories." *Dairy Farmers of America, Inc., v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 475 (8th Cir. 2012). The Missouri Long-Arm Statute Provides jurisdiction over the following relevant act: (1) The transaction of any business within this state. Mo. Rev. Stat. § 506.500. Legacy has not transacted any business in the state sufficient to confer long-arm jurisdiction over it. Missouri courts have previously held that use of mail or telephone communication does not constitute the transaction of business for purposes of long-arm jurisdiction in Missouri. *Johnson Heater Corporation v. Deppe*, 86 S.W.3d 114, 120 (Mo. App. E.D. 2002) (citing *Elaine K. v. Augusta Hotel Associates Limited Partnership*, 850 S.W.2d 376, 379 (Mo. App. E.D. 1993)). The Eighth Circuit Court of Appeals has additionally held that the use of interstate mail and telephone facilities is insufficient to satisfy due process for purposes of long-arm jurisdiction. *Bell Paper Box, Inc. v. Trans Western Polymers, Inc.* 53 F.3d 920, 921, 923 (8th Cir. 1995). *See also Jones v. ITT Sys. Div.*, 595 F. App'x 662 (8th Cir. 2015). Here, Legacy responded to calls and emails from Square One and affirmatively called the Banfields, all in response to the initiated inquiry from Square One regarding a deed back. However, the Banfields live in Nevada. Thus, the only contacts with Missouri are those with Square One and these limited contacts with the Missouri forum are insufficient to establish that Legacy engaged in the transaction of any business within the state. Further, even assuming these contacts were sufficient to establish the transaction of business under the Missouri Long-Arm Statute, the Court cannot exercise personal jurisdiction over Legacy because such exercise would not comport with the Due Process Clause of the Fourteenth Amendment. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

**B. Due Process Requires Minimum Contacts**

The Due Process Clause requires "minimum contacts" between the nonresident respondent and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). Sufficient contacts exist when "the [respondent's] conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id*. at 297. The respondent must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum [s]tate," thus invoking the benefits and protections of the state's laws. *Id*. *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010) (due process requires that a respondent purposefully direct its activities at the forum state in a suit that "arises out of" or "relates to" these activities in order to be subject to personal jurisdiction in the forum).

The Eighth Circuit has "established a five-factor test to determine the sufficiency of a non-resident [respondent's] contacts with the forum state." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 821 (8th Cir. 2014). Those five factors are: (1) the nature and quality of contacts with the forum state; (2) the quantity of the contacts; (3) the relation to the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties. *Id.* "Although the first three factors are primary factors, and the remaining two are secondary factors, we look at all of the factors and the totality of the circumstances in deciding whether personal jurisdiction exists." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592-93 (8th Cir. 2011).

The Court finds that Petitioners have not presented sufficient evidence to conclude that Legacy is subject to personal jurisdiction in the United States District Court for the Eastern

District of Missouri.  Here, Legacy has no offices, employees, or agents in Missouri (Doc. 8 at 7).  Legacy is not registered with the Missouri Secretary of State, is not authorized to do business in Missouri, and does not advertise in Missouri (*Id.*).  In fact, the only contact that Legacy has with Missouri relates to the previously mentioned communications between Square One and Legacy.[1]  Square One initiated the contact with Legacy regarding this matter, which further undermines any claim that Legacy "purposely avail[ed] itself" of the laws and protections of Missouri.  *World-Wide Volkswagen Corp.,* 444 U.S. at 297.

### C. Request for Transfer

Petitioners request that in the event this Court finds that there is no personal jurisdiction over Legacy that this action be transferred to the United States District Court for the District of Nevada in the interests of justice under 28 U.S.C. § 1631 (Doc. 11 at 2).  The Court finds that Petitioners have failed to allege sufficient reasons to transfer this case under 28 U.S.C. § 1631.  In determining the "interests of justice," a key factor is whether "the statute of limitations would have run before [the petitioner] could refile properly."  *Gunn v. U.S. Dep't of Agric.*, 118 F.3d 1233, 1240 (8th Cir. 1997).  There is no indication here that Petitioners' petition would be time-barred if they attempted to refile in an appropriate jurisdiction.  *See* 28 U.S.C. § 2201 (indicating no time limitations on filing a petition to declare rights).  Furthermore, Petitioners' have failed to establish any facts to indicate that the District of Nevada is the appropriate jurisdiction for this litigation.  The only connection to Nevada that is known to the Court in this case is that the Banfields are domiciled there (Doc. 1 at 1).  As such, request for transfer is also denied.

---

[1] Petitioners do not dispute or raise any facts contrary to this assertion in their brief response to Respondent's motion to dismiss (*See* Doc. 11).

## IV. Conclusion

The Court finds that Petitioners have not presented sufficient evidence to conclude that Legacy is subject to personal jurisdiction in the United States District Court for the Eastern District of Missouri. Legacy's conduct does not satisfy any relevant provision of the Missouri long-arm statute, and Petitioner has not shown that Legacy has sufficient minimum contacts with Missouri to comport with the Due Process Clause. The Court also finds that Petitioners have not presented sufficient support for the Court to conclude that it would be in the interests of justice to transfer the case to the United States District Court for the District of Nevada.

Accordingly,

**IT IS HEREBY ORDERED** the Respondent Legacy Vacation Club, LLC's Motion to Dismiss is **GRANTED,** Petitioners' request to transfer is **DENIED,** and this action is **DISMISSED, without prejudice**.

A separate order of dismissal shall be entered concurrently with this Memorandum and Order.

Dated this 9th day of September, 2020.

                                                    /s/ Noelle C. Collins
                                                    NOELLE C. COLLINS
                                                    UNITED STATES MAGISTRATE JUDGE